FRANK L. JACKSON v. PENNSYLVANIA RAILROAD COMPANY.

Submitted December 5, 1902—Decided February 24, 1903.

1. The vice of duplicity in a pleading cannot be reached by general demurrer.
2. A replication professing to answer the whole of a plea that is bad for duplicity, must reply to each distinct material matter that is contained in the plea.
3. A misrepresentation as to the legal effect of a written instrument will not avoid the instrument.

On demurrer to amended replication.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *David F. Edwards.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

PITNEY, J. This action has been once tried by jury, and the resulting judgment was reversed by the Court of Errors and Appeals. *Jackson* v. *Pennsylvania Railroad Co.,* 37 *Vroom* 319. Since that decision amended replications have been filed to a special plea of the defendant, and to one of these replications a general demurrer has been interposed. Upon the issue at law thus joined we are to give judgment against the party in whose pleading the first defect of substance is found.

The declaration sufficiently sets forth that the plaintiff received personal injuries through the negligence of the employes of the defendant. The special plea sets up that the alleged grievances, if any, were committed jointly by the defendant and by the Adams Express Company, and that after the committing of the grievances and before the commencement of this suit the plaintiff accepted and received from the Adams Express Company a certain sum of money in full satisfaction and discharge of any and all claims accrued or to accrue in respect of all injury or injurious results, direct or indirect, arising or to arise by reason of the said grievances, and did, in writing, release unto the said Adams Express Company all claims and demands for damages occasioned by the said supposed grievances. It will be seen that this plea sets up two distinct defences—*first,* an accord and satisfaction with the alleged joint tort-feasor, and *secondly,* a release given to such joint tort-feasor. The plea is therefore bad for duplicity, but this vice cannot be reached by a general demurrer. At the common law it required a special demurrer and under our practice requires a motion to strike out the pleading. 1 *Chit. Pl.* (6*th Am. ed.*) 261; *Stults* v. *Buckelew,* 4 *Dutcher* 150; *Star Brick Co.* v. *Ridsdale,* 5 *Vroom* 428; *Weber* v. *Morris and Essex Railroad Co.,* 7 *Id.* 213 (at *p.* 217); *Wheeler* v. *Essex Public Road Board,* 11 *Id.* 138 (at *p.* 141).

We are thus brought to consider the replication. This pleading avers that the defendant, fraudulently contriving with the Adams Express Company to deprive the plaintiff of the rights accruing to him by reason of the grievances men-

tioned in the plaintiff's declaration, fraudulently represented to the plaintiff that the Adams Express Company would retain the plaintiff in its employ at the same rate of wages as before, notwithstanding his disability; that afterwards, when he received his wages, the Adams Express Company, in pursuance of said fraudulent purpose, informed the plaintiff that he must sign not only the usual form of receipt, but also a certain paper releasing the Adams Express Company from any liability on account of the injuries which the plaintiff had suffered; that thereupon the Adams Express Company, at the instigation of the defendant, falsely represented to the plaintiff that said paper was a release of claims against the Adams Express Company only and that the Adams Express Company was not liable for the said grievances, but required the said release to be signed as a matter of form; and that thereupon the plaintiff, not knowing the representations to be false, but relying upon the truth thereof, took the money in said plea mentioned and signed the release therein described; and the replication further avers that the representations so made by the Adams Express Company that said company was not liable for said grievances and that said release was a release of claims against said express company only were false and so known to be by said express company, and were made with the fraudulent purpose of obtaining from the plaintiff a release of claims of the plaintiff against the defendant by reason of said grievances.

In this pleading there are two substantial defects, both of which are within the specification of causes of demurrer furnished by the defendant, as required by the Practice act, viz.:

*First.* While the replication professes to answer the entire plea, its averments of fact are directed to the release alone, there being neither denial nor confession and avoidance of the accord and satisfaction that the plea sets up. It being a fundamental principle that a pleading must furnish a complete answer to the preceding pleading, so far as it professes to answer it (*Conover* v. *Tindall, Spenc.* 513; *Brehen* v. *O'Donnell,* 5 *Vroom* 408; *Fleming* v. *Hoboken,* 11 *Id.* 270; *Grafflin* v. *Jackson, Id.* 440), it follows that a replication

which undertakes to furnish a complete reply to a plea that is bad for duplicity must answer each distinct material matter contained in the plea. 1 *Chit. Pl.* (*6th Am. ed.*) 261; 1 *Vent.* 272; *Steph.* (*2d ed.*) 327. It will be observed at once that if there was an accord and satisfaction the defence is complete, although the release may have been procured by fraud.

*Secondly.* The replication sets forth no misrepresentation of matters of fact sufficient to avoid the release. The representation that the Adams Express Company would retain the plaintiff in its employ was, of course, a mere promise, and not a representation concerning matters *in præsenti.* The representation that the paper in question was a release of claims against the Adams Express Company only appears to have been in accord with the form of the paper itself as set forth in the plea and conceded in the replication. If it is intended to be averred that defendant represented that the release could have no force or effect except in favor of the Adams Express Company, this was a representation concerning a matter of law and not a matter of fact. And the same is to be said with respect to the alleged representation that the Adams Express Company was not liable for the tort in question, but required the release to be signed as a matter of form. It is well settled that a misrepresentation as to the legal effect of a written instrument will not avoid the instrument, except where there exists a relation of trust or confidence between the parties. 14 *Am. & Eng. Encycl. L.* (*2d ed.*) 54, 56, *tit. "Fraud and Deceit."*

The defendant is entitled to judgment on the demurrer.